IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO BURCIAGA,

    Petitioner,

v.                                          NO. 15-CV-460-MV/GBW
                                               08-CR-1541-MV

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *Doc. 1*.[1] Upon review of the Motion, Petitioner's supplemental filings (*docs. 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 24, 26, 27, 28, 29, 30*), and the United States' Response (*doc. 23*), I conclude that there is no need for an evidentiary hearing and recommend denial of the Motion.

**I.    FACTUAL BACKGROUND**

On June 24, 2008, Petitioner was stopped by New Mexico Transportation Department Officer John Valdez on Interstate 40 for a traffic violation. *Doc. 23* at 1. After a consensual search revealed a hidden compartment carrying 17.7 kilograms of heroin, Petitioner was charged with possessing the heroin with the intent to distribute it.

---

[1] Citations to "*Doc.*" refer to docket numbers filed in Case No. 15-CV-460-MV/GBW. Citations to "*Cr. Doc.*" refer to the attendant criminal docket, Case No. 08-CR-15401-MV. For filings made on both dockets, only the civil docket number is given.

*Id*.  An indictment was issued on July 8, 2008.  Petitioner was convicted after a jury trial on May 31, 2013.

## II. PROCEDURAL BACKGROUND

The indictment filed on July 8, 2008, in the United States District Court for the District of New Mexico, charged Petitioner with possession with intent to distribute 1,000 grams and more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  *Cr. Doc. 11*.  Burciaga's November 2009 trial ended in a mistrial.  *See Cr. Doc. 76*.  Although Burciaga did not do so prior to his first trial, he filed a motion to suppress the heroin found in his car during a traffic stop prior to the second trial.  *Cr. Doc. 93*.  The Court granted the motion and the United States appealed that decision.  *Cr. Docs. 117, 121*.  Subsequently, the 10th Circuit Court of Appeals reversed and remanded.  *See Cr. Doc. 136*.  The re-trial was held and it resulted in a conviction on May 31, 2013.  *See Cr. Doc 218*.

On June 1, 2015, Petitioner filed the instant Petition.  *Doc. 1*.  On June 5, 2015, he was ordered to cure various deficiencies.  *Doc. 3*.  Petitioner then filed his Amended Petition on June 29, 2015.  *Doc. 5*.

## III. STANDARD

In order to prevail on a motion for relief under 28 U.S.C. § 2255, a petitioner must demonstrate that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there

has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. In reviewing a petition under 28 U.S.C. § 2255, a court presumes that the proceedings below were lawful. *See Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989). A petitioner cannot succeed in a § 2255 action unless he proves that some error in the proceedings led to a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (citation omitted). No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" . 28 U.S.C. § 2255; *see also United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). "[V]ague, conclusory, or palpably incredible" allegations do not warrant a hearing. *Machibroda v. United States*, 368 U.S. 487, 495 (1963).

IV. **ANALYSIS**

    A. **Grounds One, Two, Three, Four, Five, Seven, Eight, and Nine Present No Comprehensible Claim of a Constitutional Violation.**

Although *pro se* litigants are entitled to liberal construction of their pleadings, they are not absolved of the responsibility to present their claims and support them with sufficient facts. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). In an attempt to comprehend Petitioner's claims, the undersigned has reviewed the original Petition, the Amended Petition, and all supplemental filings by Petitioner. The filings include a separate "Affidavit" in support of each of his ten "Grounds." *Docs. 10,*

*11, 13, 14, 17, 18, 19, 20, 26, 28, 30*.   Nonetheless, these filings do not adequately articulate the nature of the claims described under Grounds One, Two, Three, Four, Five, Seven, Eight, and Nine, let alone the factual basis for them.   As such, I recommend denying relief under those Grounds.

    **B.**    **Petitioner's Claim Regarding the §851 Enhancement (Ground Six) is Without Merit.**

On November 15, 2010, prior to Petitioner's first trial, the United States filed an Information Charging Prior Conviction pursuant to Title 21 U.S.C. § 851.   *See Cr. Doc. 72*.   Attached to the Information was a certified copy of a Judgment on Plea of Guilty Before the Court – Waiver of Jury Trial from the 41st IMPACT District Court of El Paso County, Texas.   *Id*. at 3-4.   The crime of conviction was Unlawful Delivery of Marihuana and the sentence imposed was five years imprisonment.   *Id*.

Under Ground Six, Petitioner lists "4th, 5th, 14th Bill of Right Amendment U.S. Constitution 21 § 851."   He explains this claim as follows:

> No service of U.S. Code 21 § 851 prior to trial May 2013. No refiling in
> re-trial. Burciaga does not receive service as to 21 § 851. Did not waive this
> procedure to secure in paper nor was afforded prosecution by indictment a
> fact in evidence. Prosecutor causes mistrial via risk of proffer question a
> Prosecutor Misconduct in November 2010 trial. (Bearer) risk of loss In
> November 2010 BURCIAGA delivers Proof of Payment to those in jury –
> the creditor, owner U.S. people of debt prior. No Contest by Prosecutor.
> fact in evidence "reasonable possibility" [x] "may be affected" BURCIAGA
> PROSE ACCEPT FOR VALUE 14th Bill of Right U.S. Constitution.

*Doc. 5* at 10.   Petitioner provides more information in his "Affidavit Ground Six."   *See*

*doc. 17*.  Petitioner mentions several complaints with respect to the § 851 Information.  However, he never denies that he was the defendant in the certified Judgment.  In fact, a number of the facts he relates regarding his prior drug convictions match those seen in the Judgment: (i) "I had two prior offenses in the State of Texas" (*doc. 17* at 1); (ii) "second issue happened in 1995" (*doc. 17* at 2) and Judgment reflects conduct occurred on January 10, 1996 (*Cr. Doc. 72* at 3) ; and (iii) "Gary Hill was hired as attorney" (*doc. 17* at 6) and Judgment reflects Gary Hill as defendant's attorney.  Moreover, the Pre-Sentence Report indicates that Petitioner was the individual convicted of a drug trafficking offense in Texas in 1996 and sentenced in 1997.

Petitioner's first complaint appears to be that neither of his prior drug convictions came out of federal court.  *See doc. 17* at 7 ("I have not been afforded prosecution by indictment in these two 'I think' possession of marijuana cases in a federal courtroom.").[2] Section 851 describes the process by which a person receives an enhanced punishment for Title 21 U.S.C. § 841 offenses as a result of prior convictions.  21 U.S.C. § 851. Petitioner's enhanced punishment was due to a prior conviction for a "felony drug offense."  *See* 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be

---

[2] Petitioner may also be arguing that the Texas case was not brought by indictment and thus it cannot be the basis for a § 851 information.  See 21 U.S.C. § 851(a)(2) ("An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution . . . .").  However, the Judgment clearly notes that Petitioner was charged via indictment.

sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .).  "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States **or of a State** or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances."   21 U.S.C. § 802(44) (emphasis added).   Thus, a state conviction for a felony drug offense will support an enhanced punishment pursuant to Sections 841(b)(1)(A) and 851.

Petitioner's next complaint appears to be that the § 851 Information was not re-filed immediately prior to his second trial.  *See doc. 5* at 10 ("No refiling in re-trial."); *see also doc. 17* at 7 ("No new re filing 851 information.").  However, the statute does not expressly require such a re-filing after a mistrial, and the undersigned is unaware of any case law creating such a requirement.

Because I find Petitioner's claim regarding the § 851 enhancement to be without merit, I recommend denying relief under Ground Six.

### C. Petitioner's Claim of Ineffective Assistance of Counsel for Failure to Poll the Jury (Ground Ten) is Without Merit.

Petitioner's final discernable claim is that his attorney was constitutionally ineffective for failing to poll the jury pursuant to Federal Rule of Criminal Procedure 31(d).  *See doc. 26*.  Petitioner has not identified any evidence supported by the record that would suggest a lack of unanimity among the jurors.  Thus, he has failed to show

that "his counsel's performance fell below an objective standard of reasonableness." *United States v. Tucker*, 596 F. App'x 616, 618 (10th Cir. 2014). "Moreover, [Petitioner] has not shown prejudice. A sister circuit observed more than a half-century ago that jury polling almost never changes the verdict." *Id*. (*citing Martin v. United States*, 182 F.2d 225, 227 (5th Cir. 1950)); *see also United States v. Mateo–Mejia*, 475 F. App'x 773, 774 (2d Cir. 2012) (no showing of prejudice from counsel's failure to request individual poll after unanimous collective poll even though jury had been unable to agree on a unanimous verdict on one of the counts during first day of deliberations), *cert. denied sub nom. Martinez v. United States*, 133 S. Ct. 291 (2012).

Because Petitioner has failed to establish either required prong of an ineffective assistance of counsel claim, I recommend denying relief under Ground Ten. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).

## V. CONCLUSION

Having reviewed the matter, I conclude that Petitioner's proffered Grounds either present no comprehensible basis for relief or are without merit.   Therefore, I recommend denial of any relief and dismissal of the Petition with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).   **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**